IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-683-BO

| | |
|---|---|
| PATRICIA BORDONARO<br>    Plaintiff, | )<br>)<br>) |
| v. | )    **O R D E R**<br>) |
| JOHNSTON COUNTY BOARD OF<br>EDUCATION,<br>    Defendant. | )<br>)<br>) |

This cause comes before the Court on defendant's motion to dismiss. Plaintiff has responded, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion to dismiss is denied.

## BACKGROUND

The facts as alleged in plaintiff's complaint are as follows. In November 2007, plaintiff was hired by defendant as a teaching assistant at Clayton High School. When she was filing out her employment paperwork, plaintiff was notified of a requirement that, pursuant to Policy Code 5420, as a classified employee plaintiff must also be licensed and willing to drive a school bus in addition to her teaching assistant duties. Plaintiff signed documents indicating that she had been notified of such requirement. Plaintiff received her commercial driver's license in March 2009 after she was notified in April 2008 that she would need to do so. Prior to her receiving her commercial driver's license and being authorized to drive a school bus, plaintiff worked in her role as a teaching assistant and received meets or exceeds expectations rating during performance appraisals. While employed by defendant, plaintiff drove a school bus on two occasions, and plaintiff's timekeeping and pay for her school bus duties were separate from her timekeeping and

pay as a teaching assistant.

In early 2009, plaintiff began experiencing medical symptoms, including vision loss, which were thought initially to be related to a pituitary tumor. Plaintiff was subsequently diagnosed with glaucoma, which her physician now believes to be the true cause of her vision loss. Plaintiff lost peripheral vision in her right eye and at times experiences blurred and double vision. In August 2009, plaintiff provided a note from her physician that indicated that she was not fit to drive a school bus. Beginning in April 2010, plaintiff received a series of forty-five day exemptions from her school bus driving duties. Plaintiff was told that if she could not drive a school bus by March 2011 she would need to apply for short term disability. Throughout this time period, plaintiff continued to work as a teaching assistant and also served as a school bus monitor on occasion.

Plaintiff spoke in May 2011 at a meeting of the Johnston County Board of Education Policy Review Committee requesting both a reasonable accommodation from Policy Code 5420 for herself as well as a change to Policy Code 5420, claiming that it discriminates against persons with disabilities. Plaintiff was terminated from her position as a teaching assistant on June 6, 2011, due to her inability to drive a school bus because of her glaucoma-related vision loss.

## DISCUSSION

Plaintiff subsequently filed a charge of discrimination and an amended charge of discrimination with the Equal Employment Opportunity Commission and timely filed the instant action after receiving a notice of right-to-sue. In her complaint, plaintiff alleges claims for violations of Titles I and II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and section 504 of the Rehabilitation Act. 29 U.S.C. § 794(d). Plaintiff seeks a declaration

that defendant's Policy Code 5420, requiring classified employees, with some exceptions, to obtain a commercial driver's license and be willing to drive a school bus, is facially discriminatory and discriminatory as applied to plaintiff. Plaintiff further seeks injunctive relief prohibiting the use of Policy Code 5420 or in the alternative requiring that exemptions be made as provided by law, an order reinstating plaintiff to her former position, as well as damages and attorneys' fees and costs. Defendant has moved to dismiss plaintiff's complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Defendant contends that plaintiff's retaliation claim should be dismissed for lack of subject matter jurisdiction because plaintiff's amended EEOC charge does not include any

3

narrative facts to support a claim of retaliation. Failure to exhaust administrative remedies by filing an EEOC charge serves to deprive the federal courts of subject matter jurisdiction over such claims, and the "scope of a plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (2009). However, "discrimination claims stated in the initial charge, [as well as] those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Application & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Plaintiff checked the "retaliation" box in her amended EEOC charge, and such a claim is reasonably related to and could be developed by reasonable investigation of plaintiff's disability discrimination charge. Accordingly, the Court has subject matter jurisdiction over plaintiff's retaliation claim and dismissal is unwarranted.

## II. Failure to State a Claim

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be

4

dismissed." *Twombly*, 550 U.S. at 570.

## A. Wrongful Discharge

Defendant contends that plaintiff has failed to allege facts sufficient to support the elements of her wrongful discharge claim. A plaintiff makes a *prima facie* showing of wrongful discharge in violation of the ADA by establishing that "(1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin North America*, 252 F.3d 696, 702 (4th Cir. 2001).[1] An individual is within the ADA's protected class if she is a qualified individual with a disability. *Id.* Disability is defined by the ADA to mean "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such impairment." 42 U.S.C. § 12102(1)(A)-(C).

### *Qualified Individual with a Disability*

Plaintiff alleges that she is disabled due to her glaucoma, a neurodegenerative disease, and resulting vision loss. In 2008, Congress passed amendments to the ADA in order to, *inter alia*, reject the restrictive standards established by the courts for determining whether an impairment substantially limits a major life activity under the ADA of 1990. Pub. L. No. 110-325, §2, 122 Stat. 3553; *rejecting specifically the standards announced in Sutton v. United Airlines*, 527 U.S. 471 (1999) *and Toyota Motor Manufacturing, Ky., Inc. v. Williams*, 534 U.S. 184 (2002). By

---

[1] The standards applicable to Title I ADA claims are also applicable to complaints arising under Title II of the ADA and section 504 of the Rehabilitation Act. *See Doe v. Univ. of Md. Medical Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995).

adopting the ADA Amendments Act (ADAAA), Congress sought to "reinstat[e] a broad scope of protection to be available under the ADA." Pub. L. No. 110-325 § 2(b)(1). The ADAAA became effective on January 1, 2009, *Id.* at § 8, and thus plaintiff's claims are therefore to be construed under the more liberal standards announced in the ADAAA.

Plaintiff has sufficiently alleged that she is an individual within the ADA's protected class. Plaintiff states that her loss of peripheral vision substantially limits her ability to see, that she bumps into people and objects and must extend her arm when moving from place to place. As the term "substantially limits" is meant to be construed broadly, 29 C.F.R. § 1630.2(j)(1)(i), the Court finds that plaintiff's alleged impairment is sufficient to state a claim under the ADA. *See e.g. Pridgen v. Dept. of Public Works/Bureau of Highways*, No. WDQ-08-2826, 2009 WL 4726619 *4 n.17 (D.Md. Dec. 1, 2009) (disability to be construed broadly such that loss of vision in one eye, even with full use of remaining eye, constitutes a disability). As the Court is considering only a motion to dismiss, it does not have a record before it from which to determine whether plaintiff's glaucoma and peripheral vision loss in fact constitute a substantial limitation on the major life activity of seeing, *see Wyatt v. Md. Inst.*, No. RDB-10-2584, 2012 WL 739096 *5 (D.Md. March 7, 2012) (considering on summary judgment whether glaucoma constitutes substantial limitation), but it notes that pre-ADAAA cases may in fact "carry little, if any, precedential weight with respect to the issue of [disability]". *Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp.2d 472, 483 n.3 (E.D.N.C. 2011). Furthermore, whether or not her physicians believed her vision loss to be caused by a pituitary tumor or glaucoma is of no import as "the ADAAA does not require a plaintiff to have a formal 'diagnosis' in order to be 'disabled.'" *Hutchinson v. Ecolab, Inc.*, No. 3:09CV1848, 2011 WL 4542957, *9 n.10 (D. Conn. Sept. 28, 2011).

Case 5:12-cv-00683-BO   Document 19   Filed 04/12/13   Page 6 of 9

Plaintiff has also sufficiently alleged that she was regarded as being disabled, as she was several times excused from bus driving duty and was told that she would need to apply for short term disability if she could not return to driving duty. *See e.g. Chamberlain v. Valley Health Sys., Inc.*, 781 F. Supp. 2d 305, 311 (W.D.Va. 2011) (jury could find that plaintiff with blurred vision was regarded as having a disability when supervisor told plaintiff she could not work due to her vision problems and required her to apply for disability leave).

Finally, plaintiff has alleged sufficient facts to support a claim that she was a qualified individual. An individual is qualified if she can perform the essential functions of the job, with or without a reasonable accommodation. 42 U.S.C. § 12111(8). Accepting as true the well-pleaded allegations in plaintiff's complaint, plaintiff has sufficiently alleged that bus driving was not an essential function of plaintiff's teaching assistant position. *See* 29 C.F.R. § 1630.2(n) (listing types of evidence that may be considered in determining whether a duty is an essential function). Moreover, plaintiff has alleged that with a reasonable accommodation of allowing her to serve as a bus monitor instead of bus driver plaintiff could perform bus duties as required. The reasonableness of a requested accommodation is a question of fact, *see Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 833 (4th Cir. 1994), and thus is not appropriately dismissed at this stage so long as plaintiff has pleaded sufficiently to state her claim.

*Job Performance, Termination, and Inference of Discrimination*

Plaintiff has also alleged sufficient facts from which the Court may draw a reasonable inference that she was performing her duties as a teaching assistant in manner that met her employer's legitimate expectations. *Iqbal*, 129 S. Ct. at 1949. Plaintiff has alleged that she received meets or exceeds expectations on each job performance review, including the final

appraisal that occurred just prior to plaintiff's termination. While defendant contends that plaintiff's inability to drive a school bus requires a finding that she was not meeting her employer's legitimate expectations, such a finding cannot not be made without first considering plaintiff's claims that Policy Code 5420 is facially discriminatory and that driving a school bus is not an essential function of plaintiff's primary position as a teaching assistant.

Plaintiff has also alleged that she was terminated following her requests for reasonable accommodation in a manner that raises a reasonable inference of discrimination. Plaintiff's complaint states that she requested reasonable accommodation in the form of exemption from bus driving duties and plaintiff was terminated within weeks of speaking publically about the discriminatory effect of Policy Code 5420 and her requests for accommodation.

### B. Retaliation

Such allegations also sufficiently support plaintiff's claim for retaliation. In order to establish a retaliation claim, a plaintiff must show that she engaged in protected activity, that her employer took adverse employment action against her, and that there is a causal link between the two. *Haulbrook*, 252 F.3d at 706. Requests for accommodation are protected activity, and a three week period between protected activity and firing is sufficient to establish *prima facie* causation. *Id.* Accordingly, the Court finds that plaintiff's retaliation claim is facially plausible.

"A complaint 'need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Additionally, a plaintiff need not plead sufficient facts to make a *prima facie* showing of her claims, but rather must allege sufficient facts to "raise the right to relief above the speculative level." *Id.* (*quoting Twombly*, 550 U.S. at 555).

8

Plaintiff has done so in her complaint, and as such dismissal at this stage of the proceedings is unwarranted.[2]

CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion to dismiss [DE 11] is DENIED.

SO ORDERED, this 11 day of April, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Notably, each, if not the great majority, of the cases relied upon by defendant deal with the sufficiency of an ADA claim at the summary judgment stage; the Court need only determine here whether plaintiff's complaint sufficiently alleges a right to relief.